UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GUY C. GIANCARLO,

       Plaintiff,

  v.

AFNI, INC.,

       Defendant.
_____

           **DECISION
            and
           ORDER**[1]

          **24-CV-62-JLS-LGF**

APPEARANCES:   HISCOCK & BARCLAY, LLP
         Attorneys for Plaintiff
         SUSANNAH B. GIANCARLO, of Counsel
         1100 M&T Center
         Three Fountain Plaza
         Buffalo, New York 14203

         LIPPES MATHIAS LLP
         Attorneys for Defendant
         BRENDAN H. LITTLE, of Counsel
         50 Fountain Plaza, Suite 1700
         Buffalo, New York   14202

   In this Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.,* ("FDCPA")

case, filed January 16, 2024, by Plaintiff, *pro se*, by papers filed July 3, 2024, Plaintiff

moved for an award of attorney's fees in the amount of $7,076.00 and costs of $405.00

representing Plaintiff's court filing fee ("Plaintiff's motion").  Plaintiff's motion is based on

Plaintiff's status as the prevailing party in this case, pursuant to 15 U.S.C. § 1692k(a)(3)

(permitting an award of attorney's fees and costs to a prevailing party), alleging

Defendant committed several violations of the FDCPA specifically 15 U.S.C. §

1692e(10) (use of false representation or deceptive means to collect a debt), § 1692f

---

[1]  An award of attorneys fees and costs pursuant to the FDCPA is non-dipositive.  *See, e.g., Kuhlman v. Eastpoint Recovery Group, Inc.*, 2021 WL 4134719, at *1 (W.D.N.Y. Sept. 10, 2021).

(use of unfair and unconscionable means to collect a debt), and § 349(h) of the N.Y.

General Business Law (permitting private action to recover damages for deceptive acts

or practices by a business).  Defendant answered on April 4, 2024, asserting seven

affirmative defenses including Plaintiff's allegations fail to state a claim (Dkt. 3 ¶ 45),

that Defendant's actions resulted from a *bona fide* clerical error (Dkt. 3 ¶ 48), and that

Plaintiff's state claim is preempted by the FDCPA.  (Dkt. 3) ¶ 50.  Following

unsuccessful settlement discussions between the parties, Plaintiff's wife, Susannah

Bochenek Giancarlo ("Ms. Giancarlo"), who, like Plaintiff, is an attorney, appeared on

May 11, 2024 in this action on behalf of Plaintiff.  Thereafter, Plaintiff's attorney, Ms.

Giancarlo, reviewed the status of the settlement discussions between the parties.

On May 17, 2024, Defendant submitted to Plaintiff an Offer of Judgment pursuant

to Fed.R.Civ.P. 68(a) ("Rule 68(a)") (Dkt. 10) ("the Offer of Judgment" or "the Offer"),

the terms of which were accepted by Plaintiff on May 30, 2024 (Dkt. 10) and

subsequently entered as a judgment by the Clerk of Court on June 3, 2024 (Dkt. 11), as

required by Rule 68(a) (upon written notice within 14 days of receipt of an Offer of

Judgment that opposing party has accepted the Offer, Clerk of Court is required to enter

judgment).  As relevant, the Offer of Judgment provides for an entry of judgment against

Defendant in the amount of $3,000 "plus reasonable attorneys' fees and taxable costs

incurred in this action prior to expiration of this offer, such fees and costs to be

determined by agreement of the parties and, if the parties cannot agree, by the Court

upon motion of the Plaintiff."  Dkt. 10 ¶ 1.  The Offer also provides that neither party

may appeal the judgment, or any award of costs or attorney's fees, resulting from

acceptance of the Offer.  *See* Dkt. 10 ¶ 3.  Plaintiff's motion includes Plaintiff's

Memorandum of Law In Support Of Plaintiff's Motion For An Award of Attorneys' Fees And Costs and a copy of Plaintiff's counsel's billing records (Plaintiff's Exh. A) (Dkt. 12).

On July 17, 2023, Defendant filed Defendant Afni, Inc.'s Memorandum In Opposition To Plaintiff's Motion For Attorney's Fees And Costs (Dkt. 13) ("Defendant's Memorandum of Law") in which Defendant argues in opposition to Plaintiff's motion that Plaintiff's motion is untimely as it was filed more than 14 days after the June 3, 2024 entry of judgment in violation of Fed.R.Civ.P. 54(d)(2)(B)(i) ("Rule 54(d)(2)(B)(i)") which provides that a motion for attorney's fees, unless such fees are required to be proven at trial as an element of damages, must be filed not later than 14 days after entry of the judgment, unless otherwise provided by a federal civil procedure rule, court order or statute.  Specifically, Defendant contends that given the Clerk of Court entered a judgment upon Plaintiff's acceptance of the Offer of Judgment on June 3, 2024, Plaintiff's motion, filed on July 3, 2024, *i.e.,* thirty days after entry of the Judgment instead of by June 17, 2024 or 14 days after entry of the judgment on June 3, 2024 as required by Rule 54(d)(2)(B)(i), thus must be denied as untimely.  Defendant's Memorandum of Law (Dkt. 13) at 2, 5-6 (citing cases).  Defendant alternatively argues that Plaintiff's attorney's request is excessive as Plaintiff's attorney spent an unreasonable amount of time, 14.8 hours (reduced by Plaintiff by 50% from 29.6 hours) researching caselaw on the merits of Defendant's seven affirmative defenses and meeting with her client.  *See* Defendant's Memorandum of Law (Dkt. 13) at 7, 8-9.  Second, Defendant asserts that consideration of the degree of success (in this case, $3,000 payment to Plaintiff plus reasonable attorney's fees) in comparison to the amount of lawyer time expended in the case totaling 32.3 hours, *see* (Dkt. 12) at 3, also

requires a substantial reduction, *id*. at 3-4 (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182, 186 n. 3 (2d Cir. 2008) (citing *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974))).  Defendant also asserts the court should apply a 70% reduction in the amount of time, 10.4 hours, Plaintiff and Plaintiff's attorney engaged in consultation, *id.* at 10, resulting in a reduction in the time spent on such consultations to 3.12 hours from 10.4 hours, thereby reducing Plaintiff's fee award by $1,274.  *Id.* at 10. In sum, Defendant argues that Plaintiff's fee award request be reduced to $2,970 plus $405 for a reimbursement of Plaintiff's costs as a court filing fee for a total award of $3,372.  *See Id.*

In Plaintiff's Reply Memorandum of Law filed July 24, 2024 (Dkt. 14) ("Plaintiff's Reply"), Plaintiff submits that the delay in filing Plaintiff's motion resulted from Plaintiff's efforts to negotiate, by e-mail exchanges, with Defendant for an agreed amount of attorney's fees in order to avoid the necessity of requesting judicial resolution.  Plaintiff's Reply (Dkt. 14) at 1.  Further, Plaintiff argues that the fee application was filed within one week of the last e-mail on June 27, 2024 (*see* Dkt. 14 at 14) and that Defendant fails to demonstrate any prejudice as a result.  *See* (Dkt. 14) at 2.  As regards the reasonableness of Plaintiff's fee request, Plaintiff argues that because Defendant, in settlement discussions with Plaintiff, had relied on several of Defendant's affirmative defenses, *e.g.*, Defendant's Fourth Affirmative Defense asserting *bona fide* clerical error caused the alleged FDCPA violations and Defendant's Sixth Affirmative Defense asserting federal preemption of Plaintiff's state law claim, Plaintiff's attorney was required to engage in substantial legal research to assess the strength of such defenses in the context of settlement discussions and the service, on May 17, 2024, of

4

Defendant's Offer of Judgment, requiring Plaintiff's response by May 30, 2024. Plaintiff's Reply (Dkt. 14) at 2.

1.    <u>Timeliness of Plaintiff's Motion</u>.

Defendant contends that under Rule 54(d)(2)(B)(i) ("Rule 54(d)(2)(B)(i)"), Plaintiff's motion is untimely as filed, July 3, 2024, more than 14 days after entry of judgment as a result of Plaintiff's acceptance on May 30, 2024 of Defendant's Offer of Judgment.  *See* Defendant's Memorandum of Law (Dkt. 13) at 2, 4-6 (citing cases). Specifically, Defendant argues that the Clerk of Court entered a final judgment (Dkt. 11) as required by Rule 68(a) on June 3, 2024, and that as Plaintiff's motion for attorney's fees, as permitted by the Offer of Judgment, was filed on July 3, 2024, more than 14 days following entry of the judgment, Plaintiff's motion is untimely under Rule 54(d)(2)(B)(i).  As relevant, Rule 54(d)(2)(B)(i) provides "unless a statute or a court order provides otherwise, the motions must be filed no later than 14 days after entry of judgment."  However, the court finds that Rule 54(d)(2)(B)(i) is inapplicable to the Offer of Judgment on which the judgment entered on June 3, 2024 in this case is based. In particular, Rule 54(a) defines the term "'[j]udgment' as used in these rules [Rule 54] to includes any decree or order <u>from</u> <u>which</u> <u>an</u> appeal <u>lies</u>."  Fed.R.Civ.P. 54(a) (quotation marks in original) (underlining added).  Here, significantly, the Offer of Judgment as drafted by Defendant, *see* (Dkt. 13) at 1 ("on May 17, 2024, Afni [Defendant] served a Fed.R.Civ.P. 68 Offer of Judgment to Plaintiff") provides that "[n]o party shall have the right to appeal any judgment resulting from acceptance of this Offer of Judgment, nor to appeal any award of costs or attorney's fees resulting from acceptance of this offer."  *See* Defendant's Offer of Judgment dated May 17, 2024 (Dkt.

10) ¶ 3.  Moreover, the Second Circuit has stated that "[o]nce a party has accepted a Rule 68 offer it becomes a settlement agreement . . .," *Parks v. Stevens*, 2023 WL 8446805, at *1 (2d Cir. Dec. 6, 2023), and that, absent an express reservation of the right to appeal a particular issue, such as an award of attorney's fees, a settlement also results in the losing party, here Defendant, forfeiting such party's right to appeal any issue within the scope of the settlement or, as in this case, the judgment entered based on the Offer of Judgment or the later award of attorney's fees in accordance with the Offer.  *See LaForest v. Honeywell Intern., Inc.*, 569 F.3d 69, 73 (2d Cir. 2009) ("Appeal from a consent judgment is generally unavailable on the ground that the parties are deemed to have waived any objections to matters within the scope of the judgment.") (quoting *New York ex rel. Vacco v. Operation Rescue Nat'l,* 80 F.3d 64, 69 (2d Cir. 1996))).  Thus, as provided by the terms of the Offer of Judgment, upon Plaintiff's acceptance of the Offer, Plaintiff and Defendant agreed to forgo any right to appeal the Offer of Judgment including an award of attorney's fees by the court, if necessitated by the failure of the parties to agree on such amount, thereby rendering the judgment as subsequently entered in accordance with Rule 68(a), as well as the subsequent order resolving the disputed attorney's fees award, by the Clerk of Court non-appealable.  *See* Fed.R.Civ.P. 54(a) ("'Judgment'" as used in these rules includes a decree or order from which an appeal lies.") (quotation marks in original).  If Defendant desired to restrict Plaintiff's ability to move for attorney's fees within 14 days of entry of the judgment or to permit an appeal of an award of attorney's fees and costs, as the Offer contemplated in paragraph 1, Defendant could easily have done so by adding such limitation and reservation of the right to appeal to the text of paragraph 1 of the Offer.

"In construing the terms of an offer [under Rule 68] ordinary rules of contract law apply, including the tenent that ambiguities are construed against the drafter."  Steven Baicker-McKee, William M. Janssen, FEDERAL CIVIL RULES HANDBOOK 2024 (Thomson Reuters 2024) at 1303 (citing *Lilly v. City of New York,* 934 F.3d 222, 235 (2d Cir. 2019) (ordinary contract principles apply to Offers of Judgment).  In the absence of an express time limitation on Plaintiff's motion provided by the Offer, the Offer on this issue is ambiguous permitting the court to construe the Offer as requiring Plaintiff's motion to be filed within a reasonable period of time.  *See Ambac Assurance Corp. v. U.S. Bank Nat'l Ass'n*, 632 F.Supp.3d 517, 536 (S.D.N.Y. 2022) ("'Where a contract does not specify a date or time for performance, New York law implies a reasonable time period.'") (quoting *Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007)).  Accordingly, the court finds that based on the Offer's exclusion of any right to appeal by either Plaintiff or Defendant the judgment entered or an award of attorney's fees by court order, the 14-day limitation on a motion for attorney's fees under Rule 54(d)(2)(B)(i) is inapplicable to this case and the period for Plaintiff's motion should be construed as a reasonable period or in this case, within 30 days.  *See, e.g.,* Local R.Civ.P. 54(a) (allowing a prevailing party to file a Bill of Costs within 30 days of entry of final judgment). Defendant's reliance, *see* Defendant's Memorandum of Law (Dkt. 13) at 5, on several out-of-district cases in support of Defendant's contention that Plaintiff's motion is untimely is without merit as in none of those cases was there an Offer of Judgment that contained a provision rendering the Offer of Judgment, including an order awarding attorney's fees, non-appealable as in the instant case.  Such cases are therefore

inapposite.  As such, Plaintiff's motion, filed July 3, 2024, is timely.

2.      <u>Reasonableness of Plaintiff's Attorney's Fee Request</u>.

It is well-established that in deciding a request for attorney's fees in the context of an FDCPA case, the court determines whether the number of hours expended claimed by counsel were reasonable and, as multiplied by a reasonable hourly rate, yields a reasonable fee ward.  *See Eades v. Kennedy, PC. Law Offices,* 343 F.Supp.3d 104, 106-07 (W.D.N.Y. 2018) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)).  The court has broad discretion to determine the reasonableness of the hours expended and the hourly rates.  *Id.* (citing *Hensley*, 461 U.S. at 433; *Arbor Hill Concerned Citizens Neighborhood Assoc.*, 522 F.3d at 190).  "The fee applicant has the burden to establish the reasonableness of both."  *Id.*  In deciding the question of the reasonableness of the number of hours claimed by counsel, the court's inquiry is whether when the work was performed "'a reasonable attorney would have engaged in similar time expenditures.'"  *Id.* (quoting *Reiter v. Metro. Transp. Auth. of State of N.Y.*, 2007 WL 2775144 at *9 (S.D.N.Y. Sept. 25, 2007) (quoting *Grant*, 973 F.2d at 99)).  The court may also exclude excessive and unreasonable time from a fee request by imposing an across the board reduction in the amount of hours for which compensation is requested, *i.e.*, 'trimming the fat.'  *Eades*, 343 F.Supp.3d at 168 (citing *Kirsch v. Fleet St. Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)).

In considering a reasonable hourly rate for attorneys engaged in FDCPA cases, courts in this district have determined that in the absence of unique issues presented by the case, a reasonable hourly rate for attorney's fees ranges from $200 to $300 per hour.  *See id*. at 108 (citing cases).  Here, Plaintiff's counsel does not dispute her lack of

experience in FDCPA litigation.  *See* Declaration of Susannah Bochenek Giancarlo, (Dkt. 12) ¶¶ 6; 11.  While Plaintiff has reduced the number of hours expended by Plaintiff's counsel for which Plaintiff's requested award is based from 43.8 hours to 21.9 hours the court finds that given the lack of any significant legal issues presented by Defendant, the amount of time taken by Plaintiff's counsel to examine the merits of Defendant's positions taken during prior settlement discussions, including Defendant's asserted reliance of several of Defendant's affirmative defenses, although sensible, should be further reduced by 25% or 5.475 hours for a total of 16.425 hours.  Similarly, the amount of time attributed to counsel's meetings with Plaintiff should also be reduced by 25% from 10.4 hours to 7.8 hours.  As to billing rates, the court finds Plaintiff's counsel's request of $175 per hour for meetings with Plaintiff to be reasonable for attorneys with 30 years of experience.  *See* Giancarlo Declaration (Dkt. 12) ¶ 1; *Eades*, 343 F.Supp.3d at 108 (finding in FDCPA cases a billing rate of $200-300 per hour reasonable).  By the same token, Plaintiff's request for $240 per hour for the remaining time expended by Plaintiff's counsel of 16.425 hours is reasonable.  *See Eades*, 343 F.Supp.3d at 108.  Thus, exercising its discretion, the court finds Plaintiff is entitled to an award of an attorney's fees in the amount of $5,307 ((16.425 x $240) + (7.8 x $175)).  As there is no dispute in regard to Plaintiff's entitlement to an award of Plaintiff's costs of $405 such amount is included in Plaintiff's award.


## CONCLUSION

Based on the foregoing, Plaintiff's motion (Dkt. 12) is therefore GRANTED in part and DENIED in part; Plaintiff is awarded $5,307 in reasonable attorney's fees plus $405

in costs for a total award of $5,712.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  December 19, 2024
        Buffalo, New York